**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JINFENG YANG, | Civil Action No. 26-2131 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| WARDEN, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Jinfeng Yang's habeas petition challenging his ongoing immigration detention. (ECF No. 1.)  Following an order to show cause, the Government filed a response to the petition (ECF No. 8), to which Petitioner replied.  (ECF No. 9.)  For the following reasons, the petition is granted, and Petitioner shall be released.

Petitioner is a native and citizen of China, who crossed the United States border without admission or inspection in October 2024.  (ECF No. 1 at 6.)  Petitioner thereafter remained at liberty in the United States until July 2025, when Petitioner was placed into immigration detention without bond.  (*Id.*)  Although an immigration judge has ordered Petitioner removed, Petitioner has filed an appeal with the Board of Immigration Appeals.  (*Id.* at 2.)  Public records indicate that this appeal remains pending at this time, and Petitioner is therefore not currently subject to a final order of removal.  Petitioner does not appear to have any criminal history.[1]

---

[1] The Government did not provide full copies of Petitioner's relevant immigration file in responding to the Court's Order.  In its response, however, the Government does not allege that Petitioner has any relevant criminal history – a point they would routinely mention – and essentially concede Petitioner's entitlement to habeas relief.  (*See* ECF No. 8.)

In responding to Petitioner's habeas petition and this Court's Order to Show Cause, the Government contends Petitioner is currently detained under 8 U.S.C. § 1225(b)(2). (ECF No. 8.) The Government acknowledges, however, that "the facts of this case are not materially distinguishable" from prior cases in which this Court determined that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period after crossing the border without being admitted or paroled. *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026). As Petitioner clearly falls into this category, and the Government does not dispute that he is therefore entitled to relief from his current detention under this Court's prior decisions, (*see* ECF No. 8 at 1-2), Petitioner's continued mandatory detention under § 1225(b)(2) is unlawful. *Valerio*, 2025 WL 3251445, at *3. Petitioner's habeas petition must therefore be granted.

The Government argues, however, that if the Court grants the petition it should provide Petitioner only with the bond hearing to which he would be entitled had he been taken into custody under 8 U.S.C. § 1226(a). *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger). Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take Petitioner into custody under that statute, nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility. As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules.  This is especially so in light of the Government's . . . continued employment of an oft rejected legal position.  *See Hueso*, 2026 WL 539271, at *3-4.  Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately.  An order consistent with this Memorandum Opinion will be entered.

Date: March 26, 2026

    s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
